# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ACEDO,<br><br>                Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF THE STATE OF CALIFORNIA, *et al.*,<br><br>                Defendants. | Case No. 15-cv-2969-BAS(JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 15]** |

On March 30, 2016, the Court granted Plaintiff's request to proceed *in forma pauperis* and dismissed this action *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim on which relief may be granted. (ECF No. 3.) Judgment was entered accordingly the same day. (ECF No. 4.) After pursuing an appeal that was ultimately dismissed by the Ninth Circuit (ECF No. 13), Plaintiff now moves for reconsideration of the March 30, 2016 Order under Federal Rule of Civil Procedure 60(b).

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend

a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).

Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). That last prong is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).

Plaintiff summarizes the bases for the relief sought as follows: (1) "This court should use the soverign [sic] power to recall its decision to dismiss. This soverign [sic] power is warranted as the court did not provide notice as to wether [sic] this court dismiss[es] the complaint or the action and it appears that the court dismissed the complaint" (Pl.'s Mot. 2:21-3:1 (citations omitted)); and (2) "This court did not specifically provide that it 'dismissed the action' and the judgement [sic] does not provide that this court 'dismissed the action' therefore Plaintiff has a right to amend or should be given the right to amend" (Pl.'s Mot. 3:3-11 (citation omitted)). Both arguments lack merit.

The March 30, 2016 Order unequivocally states that the Court dismissed this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Furthermore, despite Plaintiff's interpretation, entry of judgment indicates a "court's final determination of the rights and obligations of the parties in a case." *See Judgment*, Black's Law Dictionary (10th ed. 2014). In other words, the judgment entered in this case signifies

that this action has come to an end, in this case, in favor of Defendants. There is no ambiguity in either the March 30, 2016 Order or the judgment suggesting otherwise. Plaintiff was served and given notice of the reasons for dismissal, and judgment was entered accordingly.

Because Plaintiff fails to demonstrate entitlement to reconsideration, the Court **DENIES** the motion in its entirety. (ECF No. 15.)

**IT IS SO ORDERED.**

DATED: April 10, 2017

Hon. Cynthia Bashant
United States District Judge